24-1604
Alto-Santiago v. Blanche

BIA
Nelson, IJ
A209 338 902

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of July, two thousand twenty-six.

PRESENT:
>           DENNY CHIN,
>           SUSAN L. CARNEY,
>           BETH ROBINSON,
>                   *Circuit Judges.*
_____

BIBIANA ALTO-SANTIAGO,
>           *Petitioner*,

>           v.                                          **24-1604**

>                                                        **NAC**

TODD BLANCHE, ACTING UNITED
STATES ATTORNEY GENERAL,
>           *Respondent.*
_____

**FOR PETITIONER:** Michael Borja, Esq., Borja Law Firm, P.C., Jackson Heights, NY.

**FOR RESPONDENT:** Brett A. Shumate, Acting Assistant Attorney General; John S. Hogan, Assistant Director; Lindsay Corliss, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bibiana Alto-Santiago, a native and citizen of Mexico, seeks review of a May 15, 2024, decision of the BIA summarily dismissing her appeal of an October 24, 2019, decision of an Immigration Judge ("IJ"). *In re Bibiana Alto-Santiago*, No. A209 338 902 (B.I.A. May 15, 2024), *summarily dismissing appeal from* No. A209 338 902 (Immig. Ct. N.Y. City Oct. 24, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

Because the BIA summarily dismissed the appeal without reaching the merits of the IJ's decision, we review only the basis for the BIA's dismissal. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). We have not decided the standard of review for the BIA's summary dismissal of an appeal, but we need not do so here because there are no grounds for remand regardless of the standard

2

applied. *See, e.g., Rodriguez-Cecias v. Bondi*, No. 24-1367, 2025 WL 1949982, at *1 (2d Cir. July 16, 2025) (summary order).

A party appealing to the BIA "must identify the reasons for the appeal in the Notice of Appeal . . . or in any attachments thereto, . . . to avoid summary dismissal pursuant to [8 C.F.R.] § 1003.1(d)(2)(i)." 8 C.F.R. § 1003.3(b). "The statement must specifically identify the findings of fact, the conclusions of law, or both, that are being challenged. If a question of law is presented, supporting authority must be cited. If the dispute is over the findings of fact, the specific facts contested must be identified." *Id.* "The appellant must also indicate in the Notice of Appeal . . . whether he or she will be filing a separate written brief or statement in support of the appeal." *Id.* The BIA may summarily dismiss an appeal if a party fails to specify the reasons for the appeal in the notice of appeal or where a party fails to file a brief after indicating in the notice of appeal that one would be filed. *See id.* § 1003.1(d)(2)(i)(A), (E). Here, Petitioner's appeal was subject to summary dismissal for both reasons.

Petitioner admits that she did not identify the reasons for her appeal in her notice of appeal or file a brief; she instead argues that counsel did not receive the briefing schedule and that the BIA should have reviewed the IJ's decision in its

3

discretion. These arguments are belied by the record. Counsel noted in the notice of appeal his intent to file a separate brief or statement, the form advised counsel that he was consequently required to file a brief or statement, and the briefing schedule is addressed to counsel at his address of record. *Cf. Silva-Carvalho Lopes v. Gonzales*, 468 F.3d 81, 85 (2d Cir. 2006) (holding, with respect to a notice to appear, that "even in the context of regular mail, a presumption of receipt is proper so long as the record establishes that the notice was accurately addressed and mailed in accordance with normal office procedures"). We do not credit counsel's unsupported assertion of frequent issues receiving documents from the BIA because counsel failed to inquire about the briefing schedule or file a brief in the more than four years between his filing of the appeal and the BIA's summary dismissal.

The BIA also did not err in declining to review the IJ's decision as a matter of discretion: Petitioner's notice of appeal simply states in a conclusory manner that the IJ erred in denying asylum contrary to case law but it does not provide supporting authority or identify specific facts that are contested, as is required by the regulations. *See* 8 C.F.R. § 1003.3(b). Indeed, it does not even mention the IJ's dispositive bases for denying relief. Accordingly, the BIA did not err in

4

dismissing the appeal pursuant to 8 C.F.R. § 1003.1(d)(2)(i)(A) and (E). We do not reach Petitioner's unexhausted challenges to the IJ's underlying decision. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it.").

A copy of this order will be forwarded to this Court's Grievance Panel.[1]

---

[1] Petitioner may decide to move to reopen before the BIA based on ineffective assistance of counsel. We express no opinion on the merits of that claim, as to whether this case would warrant equitable tolling of the deadline for a motion to reopen, or as to the merits of the underlying claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1229a(c)(7)(C)(i) (requiring motion to reopen to be filed no later than 90 days after the final administrative decision); *Rashid v. Mukasey*, 533 F.3d 127, 130 (2d Cir. 2008) (noting that ineffective assistance of counsel may provide a basis for equitable tolling of the deadline for a motion to reopen).

A party seeking equitable tolling must show that (1) counsel's performance was so ineffective that it impinged upon the fundamental fairness of the hearing, and (2) she has exercised due diligence in pursuing her claims. *Rashid*, 533 F.3d at 130–31. In addition, a party claiming ineffective assistance of counsel in removal proceedings must substantially comply with procedures laid out in *Matter of Lozada*, 19 I. & N. Dec. 637 (B.I.A. 1988). A movant must file with the BIA, "(1) an affidavit setting forth in detail the agreement with former counsel concerning what action would be taken and what counsel did or did not represent in this regard; (2) proof that the alien notified former counsel of the allegations of ineffective assistance and allowed counsel an opportunity to respond; and (3) if a violation of ethical or legal responsibilities is claimed, a statement as to whether the alien filed a complaint with any disciplinary authority regarding counsel's conduct and, if a

For the foregoing reasons, the petition for review is DENIED.    All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

---

complaint was not filed, an explanation for not doing so." *Twum v. INS*, 411 F.3d 54, 59 (2d Cir. 2005) (quotation marks omitted).